**STATE, ex rel. LATINO v. BUCHANAN, Sheriff, et al.**
No. H.C. 2761.
Circuit Court, Dade County.
November 15, 1965.

120

Edwin A. Willinger, Miami, for petitioner.

Richard E. Gerstein, State Attorney, Roy S. Wood, Assistant State Attorney, for respondents.

J. GWYNN PARKER, Circuit Judge.

This cause came on to be heard upon the petition for writ of habeas corpus and the return of the respondents thereto, testimony was taken, documentary exhibits admitted in evidence, and counsel for both sides argued the matter and cited authorities to the court.

Petitioner was arrested on an executive rendition warrant issued by the governor of Florida on the demand of the governor of Nevada. With his demand the governor of Nevada presented to the governor of Florida copies of the application of the district attorney of Clark County, Nevada, to Governor Sawyer of that state which included an extract of the Nevada Revised Statutes, 1957, §205.090, defining and denouncing the crime of forgery. The application to Governor Sawyer was accompanied by an affidavit of one R. A. Burgess taken before a notary public of Clark County, Nevada, on October 15, 1965, and duly authenticated by the clerk and presiding judge of the district court of Nevada for said county, and was also accompanied by a copy of a criminal complaint in case no. 966, docket no. 19A, in the justice court of Las Vegas Township in Clark County, Nevada, made under oath and signed by R. A. Burgess on the 14th day of April, 1964, before Thomas L. Pursel, justice of the peace of said township. This criminal complaint reads as follows —

. . . in the County of Clark, State of Nevada, who being first duly sworn, complains and says that Peter Latino the Defendant above named, has committed the crime of forgery in the manner following to-wit: That the Defendant on or about the 8th day of January, 1963, at and within the County of Clark, State of Nevada, did wilfully, unlawfully and feloniously forge the handwriting of another, to-wit, the signature of D. L. Thomas, on payroll check No. 129G, dated January 8, 1963, in the amount of $158.40, with intent to defraud Thrifty Cars, Incorporated, 905 Las Vegas Boulevard South, Las Vegas, Nevada, and the L-Bar-L Super Market, Incorporated, 1221 E. Sahara Avenue, Las Vegas, Nevada.

All of which is contrary to the form, force and effect of Statutes in such cases made and provided and against the peace and dignity of the State of Nevada. Said Complainant, therefore, prays that a Warrant be issued for the arrest of the said Defendant in order that said Defendant may be dealt with according to law.

This criminal complaint is the "affidavit before a magistrate" named in the Act of Congress on which the governor of Nevada bases his demand for the extradition of Peter J. Latino. Upon this affidavit the justice of the peace, Thomas L. Pursel, issued his warrant of arrest on the same date, April 14, 1964, copy of which was duly exemplified by the clerk and judge of the district court of the eighth judicial district of the state of Nevada, in and for the county of Clark. All of said documents furnished by Governor Sawyer to Governor Burns were certified by Governor Sawyer in his demand on Governor Burns to be authentic. Copies of them, duly authenticated by the secretary of state of Nevada under the great seal of that state, were forwarded to the respondents by the governor of Florida and introduced in evidence at the hearing. By leave of court the originals were permitted to be withdrawn and substituted therefor are photocopies which are attached to the return of the respondents and which are on file in this case.

In his petition for the writ, petitioner contends that —

(a) The papers accompanying the demand of the governor of Nevada are insufficient and fail to sustain or lawfully charge the petitioner with a crime cognizable by the laws of the state of Nevada.

(b) The warrant issued by the Honorable Haydon Burns, purportedly charging the accused with the commission of the crime of "forgery (two counts)" is not supported by the demand and requisition from the governor of the state of Nevada, nor by any of the papers or documents accompanying said demand and requisition.

(c) The warrant issued by the Honorable Haydon Burns, fails to comply and/or comport with provisions of §949.03 in that the same does not provide for a proper presentation of the alleged crime by

indictment, information or warrant supported by an affidavit made before a county magistrate.

(d) The identity of your petitioner as the person accused and charged in the requisition from the governor of the state of Nevada has not been established and accordingly is denied; that the commitment of your petitioner was without appropriate identification and without legal evidence to support, warrant or justify the same.

(e) The commitment of the petitioner to the custody of the respondent, T. A. Buchanan, was unlawful and unconstitutional in that your petitioner was not provided with the required and requisite hearing, nor was he advised of his legal right with respect thereto, nor was he otherwise advised of his right to obtain counsel and for the obtainment of a writ of habeas corpus.

(f) The name and identity of the person described in the warrant issued by the Honorable Haydon Burns and the requisition made by the governor of the state of Nevada is not supported by any of the papers or documents accompanying said requisition and is different therefrom.

At the hearing the attorney for respondents called the petitioner himself as an adverse witness and, over objection, the court ordered him to be sworn; upon interrogation by the attorney for respondents, petitioner, as a witness, testified that his name was Peter J. Latino, that he was in the state of Nevada and Las Vegas in the month of January 1963, and he identified an original check exhibited to him by counsel for respondents dated January 8, 1962, and stated that the endorsement on the back of said check was his writing. Said check was introduced and placed in evidence by the court over objection by the petitioner's counsel, with leave to substitute a photocopy thereof and withdraw the original for use by the authorities of the state of Nevada.

From the foregoing evidence of the petitioner himself it is established without contradiction that the petitioner was in the state of Nevada in the month of January, 1963, and that he is the person named in the demand of the governor of Nevada, and the court so finds.

Adverting then to the grounds of attack (a) through (f) quoted above from the petition, the court finds as to (a) that the rendition warrant of the governor of Florida is regular and in order and is based on a proper demand made by the governor of Nevada, with which demand the governor of Nevada produced and filed with the governor of Florida the said documents, copies of which are attached to the return of the respondents herein, and that no defect in such rendition warrant and in said demand and the accompanying documents has been shown to the court

to justify or authorize this court to hold them to be defective, and the court finds that they are adequate and that under the constitution and laws of the United States and of the state of Florida the governor of Florida was obligated to issue his executive rendition warrant for the arrest and delivery of the petitioner to the agents of the state of Nevada.

As to ground (b) the court finds and holds that the rendition warrant of the governor of Florida is supported by the demand and requisition of the governor of Nevada and by the documents accompanying said demand.

As to ground (c) the court finds that the demand of the governor of Nevada is supported by an affidavit before a magistrate within the meaning and purport of the Act of Congress in the form of the aforesaid criminal complaint, essential particulars of which are hereinabove set out; the said criminal complaint is an affidavit before a magistrate of the state of Nevada, and the court finds and holds that it does substantially charge a crime against the state of Nevada in violation of §205.090, Nevada Revised Statutes 1957, which is set out in the application of the district attorney for Clark County to the governor of Nevada. The court rejects the contention of the petitioner that the said criminal complaint fails to charge a crime because it does not include the words "falsely make". The criminal complaint alleges that Peter Latino did "wilfully, unlawfully and feloniously forge the handwriting of another" and that he did so "with intent to defraud" the persons named in the complaint, and the court finds and holds that it substantially follows the statute and that it does charge a crime under the laws of the state of Nevada.

As to ground (d) the court finds as aforesaid that the identity of the petitioner as the person accused, charged and demanded in the requisition from the governor of Nevada, has been undeniably established.

As to ground (e) of the petition, the court finds from the evidence before it that the petitioner was arrested on the governor's warrant on Monday, November 8, 1965, and that on Wednesday, November 10, 1965, the petition for habeas corpus was filed and the writ issued, and the hearing was set for 5 P.M. Wednesday, November 10, 1965, and held that evening and continued the following morning from 9 to 10:30 A.M. In the face of this record the court finds that the provisions of §941.10, Florida Statutes, have been substantially complied with. If the petitioner had been immediately brought before this court and

judge, or any other judge of a court of record in this county, such judge would have advised him that he had a right to test the legality of his detention under the governor's warrant by a writ of habeas corpus; he did have the writ issued, he did have a hearing, and full consideration has been given to all of his contentions — so the contentions of ground (e) in the petition are without merit.

As to ground (f) the court has already found that the identity of the petitioner is established by uncontradicted and conclusive evidence.

It follows that provisions of §941.03, Florida Statutes, have been thoroughly complied with in that the governor of Florida had before him the demand for the extradition of the petitioner alleging that the accused petitioner was present in the demanding state at the time of the commitment of the alleged crime and that he thereafter fled from that state, and that such demand was accompanied by authenticated copies of a warrant supported by an affidavit before a magistrate of the demanding state which substantially charges the petitioner with a crime against the laws of that state.

Whereupon, it is considered, ordered and adjudged that the petitioner, Peter J. Latino, be, and he hereby is, remanded into the custody of the respondents for rendition to the authorized agents of the state of Nevada to be transported to that state, there to be dealt with according to the laws of that state.

Petitioner is hereby granted leave to appeal from this judgment and order, and respondents will not render him to the agents of the state of Nevada until such appeal is properly filed and disposed of, provided that such appeal must be taken within ten days from November 11, 1965, the date on which the decision set out in this order was pronounced.

It is further ordered and adjudged that petitioner may be released from custody of respondents upon his giving a bond with good security in the amount of $1,000, conditioned to surrender himself to the constable of the fifth district of Dade County, Florida, immediately if he shall fail to file his notice of appeal on or before November 21, 1965, or, if such appeal is filed and this order is confirmed or the appeal is dismissed, to surrender himself immediately to the respondents as aforesaid.

It is further ordered and adjudged that the writ of habeas corpus be and it hereby is quashed, and the petition therefor be and it is hereby dismissed.